# UNITED STATES DISTRICT COURT

## FOR THE

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONNA S. ROBINSON** | § | **CIVIL ACTION NO:** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FCA US LLC,** | § | |
| **PREMIER  CHRYSLER JEEP** | § | |
| **DODGE, LLC, AND** | § | |
| **CAPITAL ONE AUTO FINANCE, INC.** | § | |
| | § | |
| *Defendants* | § | **JURY TRIAL REQUESTED** |
| | § | |

## COMPLAINT

### I.   Parties

1.     Plaintiff, **DONNA S. ROBINSON**, now and has been at all times material hereto resident of the State of Louisiana.

2.     Defendant, **FCA US LLC**, hereinafter "FCA", is a company authorized to do and doing business in the State of Louisiana whose agent for service of process is CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808.

3.     Defendant, **PREMIER   CHRYSLER JEEP DODGE, LLC,** hereinafter "PREMIER", is a company authorized to do and doing business in the State of Louisiana whose agent for service of process is Edwin A. Stoutz, JR., 3606 Canal Street, Suite A, New Orleans, LA 70119.

4.     Defendant, **CAPITAL ONE AUTO FINANCE, INC.,** hereinafter "CAPITAL ONE", is a company authorized to do and doing business in the State of Louisiana whose agent for service of process is 320 Somerulous Street, Baton Rouge, LA 70802-6129.

## II.   Jurisdiction

5.     This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that this dispute involves predominant issues of federal law.  Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202. The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III.   Venue

6.     Venue is proper in this district under 28 U.S.C. §1391(a)(3) because Defendants are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## IV. Conditions Precedent

7.     All conditions precedents have been performed or have occurred.

## V.   Facts

### A. The Transaction

8.     On October 14, 2015, Plaintiff purchased a new 2015 Chrysler 200S  bearing VIN 1C3CCCBG4FN5214210, hereinafter "200S," from PREMIER.  The 200S was purchased primarily for Plaintiff's personal use.  The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

9.      The sales price of the 200S was $32,985.30, excluding finance charges.  Plaintiff made a down payment in the amount of $1,000.00.  The total cost of the vehicle to Plaintiff including finance charges will be over $50,000.00.

10.      The contract of sale was assigned to Defendant, CAPITAL ONE.  The contract which was assigned contained the following provision:

> **"NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."**

### B.    Implied Warranties

11.    As a result of the sale of the 200S by Defendants to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the 200S would pass without objection in the trade under the contract description; and that the 200S was fit for the ordinary purpose for which such motor vehicles are purchased.

12.    Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants.  Specifically, the Defendants impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C.    Express Warranties

13.    In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the 200S occurring during a specified warranty period resulting from defects in material or workmanship

would be repaired, and that repair work on the 200S had, in fact, repaired the defects.

14.     Plaintiff's purchase of the 200S was  accompanied by express warranties offered by Defendant, FCA, and extending to Plaintiff.  These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the 200S.

15.     The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship.  Any required adjustments would also be made during the basic coverage period.  All warranty repairs and adjustments, including parts and labor, were to be made at no charge.  Additional warranties were set forth in the FCA's warranty booklet and owners manual.

### D.     Actionable Conduct

16.     In fact, when delivered, the 200S was defective in materials and workmanship, with such defects being discovered within the warranty periods.  Many defective conditions have occurred since purchase, including, but not limited to: ALL DEFECTS LISTED IN THE FOLLOWING WORK ORDERS ATTACHED IN GLOBO AS EXHIBIT A:

    a.     Work Order #CHCS458570 dated April 10, 2015

    b.     Work Order #CHCQ470603 dated June 3, 2015

    c.     Work Order #CHCQ463088 dated June 9, 2015

    d.     Work Order #CHCQ470603 dated September 14, 2015

    e.     Work Order #CHCS471117 dated September 21, 2015

    f.     Work Order #CHCS471379 dated September 23,2015

17.     Since purchase, Plaintiff have returned his 200S to Defendants and authorized warranty service dealers for repairs on numerous occasions.  Despite this prolonged period during

-4-

which Defendants were given the opportunity to repair the 200S, the more significant and dangerous conditions were not repaired. Defendants failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the 200S continues to this day to exhibit some or all of the non-conformities described herein.

18.    The defects experienced by Plaintiff with the 200S  substantially impaired its use, value and safety.

19.     Plaintiff directly notified all Defendants and each of him of the defective conditions of the 200S on numerous occasions. Plaintiff notified Defendants that they wanted a rescission of the sale of the 200S but Defendants have failed and refused to buy back Plaintiff' defective 200S.

### COUNT 1:  VIOLATIONS OF THE LOUISIANA REDHIBITION LAWS

20.    Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

21.    The 200S is a "thing" under La. Civil Code Articles 2520, et seq.

22.    FCA is a "manufacturer" under La. Civil Code Articles 2520, et seq.

23.    PREMIER is a "seller" under La. Civil Code Articles 2520, et seq.

24.    Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

25.    The defects described in the 200S vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

26.    Plaintiff has  provided the Defendants sufficient opportunity to repair his defective vehicle.

27.    Plaintiff has performed each and every duty required of him under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendants,

as herein alleged.

28.     The hidden defects in the 200S  existed at the time of sale, but were not discovered until after delivery.  The 200S is not usable and neither Plaintiff nor a reasonable prudent buyer would have purchased the 200S had they known of the defects prior to the sale.

29.     Furthermore, Defendants failed to perform the repair work in a good and workmanlike manner.  This conduct by Defendants constitute a breach of the implied warranties under Louisiana law, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out of pocket expenses.

30.     Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails.  As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2: LENDER LIABILITY**

31.     Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

32.     Plaintiff is indebted to CAPITAL ONE as a result of his purchase of the 200S.  Plaintiff is entitled to assert all claims and defenses stated above against CAPITAL ONE as a defense to the debt.

**COUNT 3:  VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

33.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein each

and every allegation contained in the preceding paragraphs.

34.     Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

35.     Defendants, FCA, is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

36.     The 200S is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

37.     The express warranties pertaining to the 200S are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

38.     The actions of Defendants in failing to tender the 200S to Plaintiff free of defects and refusing to repair or replace the defective 200S constitutes a breach of the written and implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

39.     Plaintiff has performed all things agreed to and required of his under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

40.     As a direct and proximate result of the acts and omissions of Defendants and each of him as set forth hereinabove, Plaintiff has been damaged in an amount in excess of $50,000.00 according to proof at trial.

41.     Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails.  As a proximate result of Defendants' misconduct as alleged herein, and

in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## COUNT 4:  NEGLIGENT REPAIR

42.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.  For purposes of this cause of action, the word  "Defendants" refers to FCA and PREMIER.

43.     On numerous occasions after the sale, Plaintiff delivered the 200S  to Defendants for repairs of the defective conditions covered under the express and implied warranties set forth hereinabove.

44.     On each such occasion, Plaintiff is informed and believe, and thereupon allege, that Defendants attempted the repairs of the 200S  pursuant to his obligations under the express and implied warranties.  Defendants owed a duty of care to Plaintiff to perform those repairs on the 200S in a good and workmanlike manner within a reasonable time.  The Defendants breached this duty to Plaintiff.

45.     Defendants' attempted repairs of Plaintiff's 200S were done so negligently, carelessly, and recklessly as to substantially impair the 200S 's use, value, and safety in its operation and use. At no time was any repair attempt on Plaintiff's 200S fully and completely  repaired by the Defendants, nor were many of the defective conditions fixed or significantly improved by the Defendants' repair attempts.  Nonetheless, each time Plaintiff picked up the vehicle after the Defendants' repair attempts, Defendants represented to Plaintiff that the repairs were complete, and Plaintiff relied upon these statements by the Defendants.

-8-

46.     As a direct and proximate result of Defendant's negligent failure to repair the 200S within a reasonable time or within a reasonable number of attempts, Plaintiff were unable to use his 200S for weeks at a time.  As a further direct and proximate result of Defendants' failure to repair the 200S in a timely and workmanlike fashion, Plaintiff were forced repeatedly to take the 200S in for further repair attempts and to leave the 200S for periods of time at great inconvenience to Plaintiff.

47.     The damages Plaintiff has suffered as a direct and proximate result of Defendants' negligence exceed $50,000.00.

## VI.    Damages

48.     The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.

49.     Plaintiff's damages include rescission of the sale  including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, damages, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded from the date of judicial demand, until paid, and for all costs of these proceedings.

50.     The damages Plaintiff has suffered as a direct and proximate result of Defendants' actions exceed $50,000.00.

## VII.    Request for Rescission

51.     Plaintiff seeks the remedy of rescission of the sales contract.

52.     Plaintiff revokes his acceptance of the 200S for the reason that its defects substantially impair its use, value, and safety to Plaintiff and the acceptance was based on Plaintiff'

reasonable reliance on the false representations and warranties of the Defendants that the defects in the 200S would be repaired, and no reasonable prudent buyer would have purchased the 200S with knowledge of these defects prior to the sale.  Accordingly, Plaintiff seek a cancellation of the sales contract and an order of the court restoring to him the money obtained by Defendants as a result of the false representations and breaches of express and implied warranties as set forth above.  Plaintiff also seek cancellation of the debt and offers to return the 200S to the Defendants.

## VIII.    Attorney Fees and Costs

53.    Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails.  As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## IX.    Prayer for Relief

54.    For these reasons, Plaintiff pray for judgment against the Defendants for the following:

a.    For general, special and actual damages according to proof at trial;

b    Rescinding the sale of the 2015 Chrysler 200S VIN 1C3CCCBG4FN5214210and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.    For incidental and consequential damages according to proof at trial;

d.    Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

-10-

e.      Any diminution in value of the 200S attributable to the defects;

f.      Past and future economic losses;

g.      Prejudgment and post-judgment interest;

h.      Attorney fees;

I.      Costs of suit, expert fees and litigation expenses; and

j.      All other relief this Honorable Court deems appropriate.

## X.    Demand for Jury Trial

55.    Plaintiff hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:


BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rdalton746@aol.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFF

-11-